## ROBERTSON et al. *v.* WILCOX et al.

Where a compromise between a debtor and creditor stipulates that the latter shall receive payment of several notes, with the interest due on them, in treasury warrants at *par*, and provides for the transfer of bank-stock and for other payments in money, an alleged error, in charging the debtor with interest on one of the notes from maturity only, when it was due from its date, consisting in the term from which the interest was calculated, is one of fact. and not of calculation; and where the agreement has been executed, the note given up, and the other debts paid in accordance with its terms, the creditor, who does not sue to rescind the compromise, cannot separate this item from the rest, correct the error, and leave the rest of the transaction in full force.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Clarke*, for the plaintiffs, cited Civil Code, art. 3045. *Josephs* and *Mott*, for the appellants. The judgment of the court was pronounced by EUSTIS, C. J.* The principal matter in dispute between these parties

---

* SLIDELL, J. did not sit, having been of counsel.

ROBERTSON
*v.*
WILCOX.

relates to the correction of an alleged error in the amount of interest on a note of $31,265, which the assignees of the Bank of the United States, who are the plaintiffs, allege to have been made in a settlement between the Bank of the United States and *Wilcox, Anderson & Co.*, in August, 1840. The amount claimed is $2,501, the interest for one year. The error is said to consist in the interest on the note having been calculated from its maturity, instead of its date.

It appears that the bank was the holder of notes to a large amount, drawn by *Wilcox, Anderson & Co.*, secured by mortgage, through their agents, and agreed to settle with the debtors in Mississippi in treasury warrants at their nominal value ; and in carrying out this agreement the error is said to have been made. The following extract from the resolutions of the board of directors of the bank shows the agreement under which the treasury warrants were delivered :

" *Wilcox, Anderson & Co.* had deposited $55,839 90, in said warrants, with which they wished to pay their notes for $31,265 06, with interest due thereon, and raise the mortgage on the property in Julia street, now mortgaged for security of said note; whereupon it was resolved that the president be directed to settle said note, and raise the mortgage on said property in Julia street, and apply the balance of said warrants, amounting to $19,245 20, after paying the note of $31,265 06, and $5,328 44, interest on same, as follows, &c."

The note of $31,265 was only one of several, the payment of which with interest was stipulated in the compromise, which also provided for a transfer of a large quantity of bank stock and payments in money.

Thus it appears that the debtors had made the deposit for the purpose of paying their note and the interest due thereon, and the amount of interest due was stated in figures as $5 328 44, when in point of fact there was a year's interest more due on it, to wit, the sum of $2,501. This agreement was executed; the note was given up, the mortgage released, and the balance of the warrants applied to the payment of other debts due by the parties to the bank. The error is said to have been one of *calculation*, which, according to our understanding, applied to this matter, means the computation by numbers. But there is no mistake in the figures or in the computation, but the error consists in the amount of interest due, or the term from which it was computed. The error is not of calculation, but of fact.

Can the party be relieved against this error of fact ?

Our impression is that the agreement between the bank and its debtors in relation to this debt was a transaction or compromise, which has between the parties the effect of *res judicata* to a certain extent. Civil Code, arts. 3038, 3045. The counsel who argued the cause bases his claim for relief on the ground of the error being one of calculation, which in a transaction may be always corrected ; but deeming the error, if any existed, one of fact, and the present action being not to rescind, but to correct, the error, it remains for us to ascertain how the transaction stands affected by this error of fact.

Transactions may be rescinded on the ground of error in the person or in the subject matter, as well as on the ground of fraud or violence, but they cannot be attacked on account of error in law or any lesion. When the error is of a character to affect the *principal cause* of the contract, by establishing the presumption of a want of consent of a party, it may invalidate the contract ; but it is not every error as to the subject matter that has that effect. In this respect the rule is the same in relation to transactions as to other conventions. 6 Toullier, § 72.

ROBERTSON
*v.*
WILCOX.

The immediate consequence of correcting the error complained of in the plaintiffs' petition would be materially to change the whole arrangement, and to substitute another in its place.  The agreement was entire ; it has been long since executed by both parties; no recision is claimed on the ground of error, fraud, or breach of condition.  We find no authority in the law to enable one party to separate this item from all the others, isolate it entirely from the surrounding and dependant facts which have been closed by the execution of the contract, correct this error, and leave the rest of this transaction in its full obligatory force.  On the question of law we think the case is with the defendants.  In relation to the fact, it is obvious that, to enable a party to rescind a transaction which has so long gone into effect, there must be no question as to the existence of the error, and of its effect on the consent which is necessary for the formation of the contract.

On a review of the rules on which courts of equity proceed in according relief to parties for errors of fact, we find them in principle not materially different from those existing in our jurisprudence, and have met with no precedent which would warrant an interference in a case of this kind.  Story's Equity Jurisprudence, § 141, 152.

It is therefore decreed that the judgment appealed from be reversed, and judgment is rendered for the defendants, with costs in both courts.