## SIXTH DISTRICT BUILDING & LOAN ASS'N v. MATTES.

### No. 16791.

Court of Appeal of Louisiana.   Orleans.

May 30, 1938.

John J. Finnorn, of New Orleans, for appellant.

Lawrence V. Alba, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $200.00 alleged to be due plaintiff because of a clerical error in the settlement of the balance due on a mortgage note of defendant, held by the plaintiff homestead association. The allegations of plaintiff's petition are to the effect that on July 5th, 1929, it made a loan to and received a mortgage note from the defendant, Isidore Mattes, in the sum of $7,200.00 with interest at the rate of 7⅕% per annum from date until paid; that between July 5, 1929 and January 31, 1933, defendant made partial payments on account of the principal of his note totalling $4000.00; that all payments on the principal ceased between January 31, 1933 and June 1, 1937, on which latter date there was due petitioner $3200.00 on the principal and $20.80 on account of the interest due for the month of May, 1937, making a total of $3220.80; that due to an error by one of its clerks the amount due plaintiff was erroneously calculated as $3,020.80, for which sum a settlement was made with the defendant and a release of the mortgage executed and the mortgage note surrendered to Frank T. Doyle, Notary Public, for account of Isidore Mattes. Amicable but unavailing demand is alleged.

Defendant in effect plead the general issue.

There was judgment below in favor of plaintiff as prayed for and defendant has appealed.

Article 3078 of the Revised Civil Code reads as follows:—

"Force and effect of transaction—Errors in calculation.—Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."

The only evidence in the record is that offered by the plaintiff. It consists of the testimony of its secretary, assistant secretary and of the defendant himself, who was placed upon the stand as on cross-examination as authorized by Act No. 126 of 1908. It shows that the assistant secretary of the plaintiff corporation made an error of $200.00 in calculating the balance of the principal due on the note. The testimony of the defendant Mattes was to the effect that he paid what was asked of him without any knowledge of whether it was correct. or incorrect. Under the circumstances, the plaintiff should have judgment for $200.00, but the interest of 7⅕% allowed by the judgment must be reduced to the legal rate of 5%. The basis of plaintiff's claim is not the mortgage note which has been retired by payment, but the difference in the amount due and that which was paid at the time of the settlement, due to an error in calculation made by plaintiff's employee.  The only interest which can

be allowed is 5%, the legal rate, and it must be calculated from judicial demand.

For the reasons assigned the judgment appealed from is amended by reducing the rate of interest allowed from 7½% per annum from June 1st, 1937, to 5% per annum from judicial demand, and as thus amended it is affirmed.

Amended and affirmed.