55 So.2d 246

ROUSE v. ROUSE.

No. 40440.

Nov. 5, 1951.

ow in community of the decedent, John E. Rouse, and as such, entitled to all the property left by him and that as she was not a party to the compromise agreement which was the subject of the litigation in that suit, the same should be set aside in so far as it affects her rights as widow in community.

In her petition plaintiff avers that she was married to John E. Rouse on September 25, 1933 and has never been divorced from him; that he died intestate in 1947, leaving property, some of which, valued at $23,000.00, is designated in the inventory taken in his succession proceedings as his separate estate and the remainder, valued at $9000.00, as community property.

She next alleges that Thelma Stroble Rouse claimed to be the surviving widow of John E. Rouse which she is not, for the reason that she, plaintiff, is his surviving widow, never having been legally divorced from him. That as surviving widow, she is entitled to the ownership of all the property left by the said John E. Rouse whether designated as separate or community property in the inventory taken in his succession proceedings. She makes the further allegation however that regardless of how it is designated therein all the property left by the decedent was community property the same having been acquired during the existence of the community between them as husband and wife.

She prays for judgment declaring all the property to be community property and that she be entitled to the possession and owner-

Prowell & Viosca and T. M. McBride, III, all of New Orleans, for plaintiff-appellant.

Philip E. Pfeffer, Covington, for defendant-appellee.

LE BLANC, Justice.

The issue in the present litigation was before this Court recently when it had under consideration the case of Rouse v. Rouse, 218 La. 770, 51 So.2d 65. That suit involved a compromise settlement of the estate of John E. Rouse between Thelma Stroble Rouse who claimed to be his widow and certain of his brothers and sisters who claimed to be his legal heirs. The plaintiff in the present proceeding, Lillian Mailhos, attempted to intervene in that suit while it was on appeal before this Court but in the judgment rendered it was held that her intervention could not be allowed and that she would have to bring a separate action in order to vindicate any rights she claimed to have. Accordingly she instituted this proceeding in the district court of St. Tammany Parish against all the parties to the former suit claiming, as she had in her attempted intervention, that she was the wid-

ship of it all and further that the compromise agreement which was ratified by the decision of this Court in the former suit be set aside in so far as it affects her rights as widow in community of the decedent, John E. Rouse.

The defendant, Thelma Stroble Rouse, appearing both individually and as the administratrix of the succession of John E. Rouse, filed an exception of no right of action coupled with a plea of estoppel based on plaintiff's remarriage after a judgment of divorce from the decedent, John E. Rouse, which remarriage constituted an acquiescence in the said judgment and decree of divorce, the validity of which she is now estopped from attacking. In support of her plea of estoppel defendant averred further that in a certain notarial act dated May 18, 1940 which is duly recorded in the Conveyance Records of St. Tammany Parish, plaintiff declared that she was the wife of Earsy Lagrange and also in the succession proceedings of her mother, Mrs. Isabella Mailhos, she appears as petitioner and accepts the succession and is recognized and placed in possession of her portion of the estate, all as the wife of Earsy Lagrange.

In order to support the allegations concerning plaintiff's remarriage, defendant caused to be addressed to her certain interrogatories on facts and articles which were answered in due course.

In the meantime all the other defendants, except one, appearing through an attorney appointed to represent them as absentees, filed an answer putting all the allegations contained in plaintiff's petition at issue and praying that her demands be rejected. The remaining defendant disclaimed any personal interest in the suit, having deeded her interest in the succession of John E. Rouse to Thelma Stroble Rouse.

After trial of the exception and plea of estoppel, the district judge, assigning oral reasons only, sustained the same and dismissed plaintiff's suit at her costs. Plaintiff has appealed devolutively to this Court.

A brief statement of the facts is necessary in order to consider the point of law in this case. The facts, all of which are undisputed, appear from certain documents filed in the record and from the answers given by plaintiff to the interrogatories addressed to her. Briefly they may be stated as follows:

Plaintiff and the decedent, John E. Rouse, were married in Walthall County, Mississippi, on April 25, 1933 and lived there together as man and wife until May 23, 1933 when they separated in Marion County, Mississippi. In December, 1933 John E. Rouse filed a bill of complaint in the Chancery Court of Marion County, alleging himself to be a resident therein, against Lillian Mailhos Rouse, whose residence he alleges was unknown to him, in which he asks for a divorce on the ground of abandonment. The divorce was granted by judgment rendered on April 10, 1934. There had been no personal service made on the defendant, notice to her having been given by publica-

tion and, according to the answers to the interrogatories addressed to her, she knew nothing about the divorce proceedings until the summer of 1934 when, she says, her husband sent her a written communication, which she has since lost, stating that he had obtained a divorce from her in Mississippi.

She also states that on October 2, 1934, John E. Rouse married Ollie Belle Jones and that she, relying upon this knowledge and presuming that he had obtained a legal divorce from her, contracted a marriage with Earsy Lagrange on November 9, 1934 and this marriage was revalidated by the Catholic Church in New Orleans. A certificate of marriage shows that the parties were married by a Justice of the Peace in St. Bernard Parish, Louisiana, on November 9, 1934 and that the marriage was revalidated and recorded at St. Mary of the Angels Church on April 27, 1938.

John E. Rouse and Thelma Stroble Rouse were married in St. Tammany Parish on February 29, 1944. She became his fourth wife, he having divorced his second wife, married his third and divorced her in the interim.

It is plaintiff's contention that the judgment of divorce in Mississippi is an absolute nullity, subject to collateral attack, because of lack of jurisdiction in the Mississippi Court. She contends that since the divorce is an absolute nullity, it can not be ratified or acquiesced in, and therefore, the remarriages of the deceased and also her own remarriage are without force and effect.

In support of her contention plaintiff relies on several cases, including Key v. Jones, La.App., 181 So. 631; Navarrette v. Laughlin, 209 La. 417, 423, 24 So.2d 672; Rhodes v. Miller, 189 La. 288, 298, 179 So. 430; State v. Wenzel, 185 La. 808, 171 So. 38; Decuir v. Decuir, 105 La. 481, 29 So. 932.

In none of these cases however did the particular fact situation which we have in the present case exist. It is admitted that the judgment and decree of divorce obtained in Mississippi could be collaterally attacked on the basis of lack of jurisdiction in the Mississippi Court. However, here we are concerned with the right of this particular plaintiff who, as the facts reveal, having knowledge thereof, acquiesced in the judgment of divorce by remarrying herself and three years thereafter having this marriage revalidated in Church, and then after remaining silent fourteen years longer while her former husband was alive, now urges its invalidity and its nullity.

■ The great majority of authority outside of Louisiana is to the effect that when a defendant in a foreign decree of divorce does some act which in itself recognizes the validity of the decree, he or she is estopped from afterward impeaching the decree. One of the examples of such recognition cited is where a party remarries and is thus estopped from denying the validity of the previous divorce. See 27 C.J.S., Divorce, § 337; 19 C.J., Divorce, Sec. 850 and 17 Am.Jur., Divorce and Separation, Sec. 461.

There are no Louisiana cases which bear on the direct issue of estoppel which is presented in this case but the interest which the State has in the marriage relation, and its public policy as well, should dictate against the action of a person, who, like the plaintiff in this suit, would stigmatize herself as a bigamist and which also would result in injury to an innocent party like the defendant in this suit who married the decedent in good faith and also to the children, had any been born of that marriage.

Under our jurisprudence estoppel is based on a course of action pursued by a person which results to his detriment and prejudice and which he would not have followed had he not been misled by the actions of another party. On that principle it may well be that as far as the defendant Thelma Stroble Rouse is concerned, estoppel does arise because had it not been for the judgment of divorce obtained by him from the plaintiff and plaintiff's own subsequent remarriage she probably would never have married John E. Rouse herself.

But the question involved here is not so much one of estoppel as it is of acquiescence. In a supplemental brief filed on her behalf, counsel for plaintiff state that there has been no plea of acquiescence raised by the pleadings but in this they are in error for in Article IV of Mrs. Thelma Stroble Rouse's exception and plea of estoppel it is specifically urged "That by contracting her marriage with Earsy Lagrange, the said Lillian Mailhos voluntarily assented to and acquiesced in the aforesaid decree of divorce rendered by said Mississippi Court and that, by virtue of her said marriage to Earsy Lagrange, petitioner has no right of action herein * * *." Therefore the plea is before the Court.

In connection with the plea we find that, by analogy, the case of State ex rel. Hahn v. King, Judge, 109 La. 161, 33 So. 121, 125, is pertinent. That was a mandamus proceeding brought on relation of a father who had been denied a suspensive appeal by the district judge from a judgment on a writ of habeas corpus in which his wife had obtained the custody of their minor child. He was endeavoring by means of the writ of mandamus to compel the district judge to grant the appeal. His wife had obtained a judgment of divorce from him in Ohio and had been awarded the custody of the child. He attacked that judgment on the ground that the Ohio Court lacked jurisdiction. But like the plaintiff in the present case he had since remarried and, as is stated in the opinion, the first thing which arrested the attention of this Court was the statement of the trial judge to that effect. And then, after commenting on the right of every person to have recourse to the Courts for the enforcement of their claims or for protection by preventive remedies, and the duty of the Courts to receive and consider the demand, the Court added:

" * * * but the right to ask that, and to have it granted, are very different matters. If the right set up has never legally

existed, or, having once existed, has been lost, the demand is refused.

"One of the recognized grounds upon which courts may decline to enter into or proceed further into the investigation of alleged rights or wrongs is under the doctrine of equitable estoppel, which can be invoked and acted upon at the beginning, during, or at the end of the litigation, under varying circumstances. The denial of the right to appeal or to carry on an action of nullity by reason of the acts of a party seeking relief through either rests upon acquiescence and estoppel.

\* \* \* \* \* \*

"The court declined to grant the appeal in this case for numerous reasons, which we need not discuss, as we consider one which is assigned to be sufficient to bar the relator from having relief by mandamus. We refer to the fact of relator's having contracted a second marriage under the circumstances shown. He could only have done this under authority of the judgment of divorce granted to his wife. He should come into court with clean hands, and he cannot take a position in this case which would place him before us in the position of a bigamist."

The principle upon which cases of this character should be decided is that no one can accept the benefits of a judgment and then be heard to assert its nullity and invalidity. Paraphrasing some of the language quoted from the case just cited,

we may well assume that plaintiff's right to attack the judgment of divorce rendered in Mississippi once existed, but having acquiesced in it by remarrying, that being the only authority under which she could have done so, she has lost her right and her demand must now be refused.

The judgment appealed from is affirmed.