TATE, Judge.
The District Court sustained an exception of no cause of action to this suit against his former employer and its insurer by an injured employee seeking to set aside a compromise settlement of his workmen’s compensation claim or, in the alternative, to correct an error therein in the calculation of the medical expenses paid. On appeal plaintiff relies solely upon the latter alternative demand.
Pursuant to joint petition, a compromise of plaintiff’s original suit for compensation allegedly owed because of an industrial accident of April 14, 1955, had been judicially approved January 20, 1956 as allowing the plaintiff “the full sum of Six Hundred Dollars ($600.00) in addition to compensation and medical expenses previously paid by defendant for treatment of plaintiff’s alleged injuries, in full and final compromise and settlement of any and all claims whatsoever which plaintiff may have, now or hereafter, against defendants as a result of the said accident.” (Italics ours.)
The allegations of plaintiff’s petition which set forth the basis of his present action concerning the non-payment of his medical expenses are, in full:
“Plaintiff now shows that it was his understanding and belief that the medical bill of Dr. Emile K. Ventre, who rendered medical services to him as a result of the said injury, in the amount of Two Hundred Forty Seven & No/100 ($247.00) Dollars had been previously paid by the said defendants; that it was only with this understanding and belief that plaintiff was willing to enter into said settlement; that plaintiff signed and agreed to the settlement due to this error of fact; and that had he known at the time that the defendants had not paid Dr. Ventre as was his understanding, plaintiff would not have signed and agreed to the said settlement * * *.
“In the alternative, petitioner alleges there was an error in the calculation of the medical expenses which formed a part of the purported compromise settlement, and that as a result of the said error in calculation, petitioner received Two Hundred Forty-Seven & No/100 ($247.00) Dollars less than that to which he was entitled.”
Plaintiff-appellant argues that under these allegations he is entitled to correct the judgment and compromise to prove that the sum of two hundred forty-seven dollars in medical expenses was erroneously omitted in the calculation of the amount of the compromise, since under LSA-Civil Code Article 3078 regulating compromises “an error in calculation may always be corrected.” Cited is Sixth District Building *364 & Loan Ass’n v. Mattes, La.App.Orleans, 181 So. 618, in which the lender was permitted to recover the sum of two hundred dollars omitted by clerical error from the previous final settlement of the debt between the lender and the borrower.
We are unable to accede to counsel’s able argument, for we think that the facts alleged show that the error was not in the clerical notation or computation of the figures, such as might have justified the relief sought, but in the mistaken factual belief by plaintiff that his medical expenses had already been paid. Robertson v. Wilcox, 3 La.Ann. 94, 95. Although the facts pleaded are alternatively characterized as “an error in the calculation”, this is a mere conclusion of the pleader which need not be accepted as correct for purposes of passing upon the exception of no cause of action, Le Blanc v. Danciger Oil & Refining Co., 218 La. 463, 49 So.2d 855, as must be done in the case of well-pleaded facts, cf. Amato v. Latter & Blum, Inc., 227 La. 537, 79 So.2d 873.
Represented by competent counsel of his own selection in the court-approved settlement, plaintiff agreed to accept — in addition to amounts “previously paid” for compensation and medical expenses — the sum of Six Hundred Dollars in all in full settlement of “all” his claims arising from the accident in question. In view of this clear and unambiguous language we are unable to accede to plaintiff’s plea that this unambiguous compromise be set aside or modified because he did not understand same and would not have entered into it had he understood that his medical expenses were unpaid and were to be deducted from the net received by him. See Rouse v. Rouse, 218 La. 770, 51 So.2d 65.
LSA-R.S. 23:1273 provides that court-approved workmen’s compensation compromises shall not be set aside “except for fraud or misrepresentation made or induced by the employer or his insurer.” No such grounds are pleaded.
We are not here faced with allegations that there were misrepresentations that the medical expenses in question had been paid or were to be paid in addition to the amount paid in compromise. Nor, for instance, are we here faced with any implied misrepresentation arising by a failure to disclose facts and correct any mistaken impression of an injured workman unrepresented by his own counsel, that the cash amount to be received by compromise was in addition to medical expenses incurred, cf. McCastle v. Architectural Stone Co., La.App. 1 Cir., 4 So.2d 120. The only allegations are that plaintiff represented by counsel mistakenly believed that the medical expenses in question had been paid at the time he entered into the full settlement of his rights, and an error of fact is not available under our compensation statute as a ground to set aside a court-approved compromise, see LSA-R.S. 23:1273 above quoted.
For the above and foregoing reasons, the judgment of the District Court dismissing plaintiff’s suit is affirmed.
Affirmed.