TATE, Judge.
This is a suit by a physician to recover $864 for over a year of medical treatment afforded to the defendant Ortego for injuries received by the latter at work on April 8, 1958. Ortego impleaded his employer’s workmen’s compensation insurer as third-party defendant on the ground that this insurer was responsible for the cost of the treatment. After trial, judgment was rendered in favor of the plaintiff physician and against Ortego in the amount sought and in a like amount in favor of Ortego and against the third-party defendant, the insurer. Only the insurer has appealed.
The insurer’s sole defense is that parol evidence is not admissible to prove its liability for this debt in the face of a compromise settlement agreement approved by court judgment on May 25, 1959 by which Ortego had released the insurer “from any and all further responsibility or liability from all claims of whatsoever nature * * arising out of or which may arise out of the accident of April 8, 1958, and the resultant injury”, in exchange for the insurer’s payment to him of the cash sum of $4,709.05 “in addition to the workmen’s compensation already paid, further in addition to the medical expenses heretofore paid by the insurer.” (Italics ours.)
The trial court held that parol evidence is admissible to explain what were the “medical expenses heretofore paid” which were furnished by the insurer as part of the consideration for Ortego’s release of it from all further liability. Under the peculiar circumstances of this case, we believe its ruling is correct.
The antecedent proceedings upon which the judgment approving the compromise is based show that there were certain specified medical expenses unpaid in the amount of $209.05, which did not include any amount owed to the original plaintiff herein, Dr. R. F. Marceau, whom these antecedent proceedings also show to have referred the plaintiff to the other doctors whose bills had not been paid. The plaintiff contends, with some reason, that a fair inference to be drawn from these proceedings is that at the time of the settlement the insurer had already paid the medical expenses owed to Dr. R. F. Marceau for treatment of the injury, since as to all the other doctors listed the pleadings specifically show that their bills had not been paid. The plaintiff further contends that he entered into the settlement with this understanding of its meaning, since this was in fact the prior agreement between the parties which was supposed to have been incorporated into writing by the settlement papers prepared by the insurer.
“When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms,” LSA-Civil Code Art. 1950. “All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act,” LSA-Civil Code Art. 1955. “In a doubtful case the agreement is interpreted against him who has contracted ' the obligation,” LSA-Civil Code Art. 1957.
In actual fact, the parol evidence and certain correspondence between the plaintiff’s compensation attorney and the insurer show that the agreement to compromise the claim was reached upon the basis that the insurer would pay the claimant $4,500 plus all medical expenses. The evidence taken at the trial further supports the plaintiff’s contention that “the medical expenses heretofore paid” to which the compromise agreement refers must be those for Dr. Marceau’s services since, aside from the $209.05 medical expenses alleged to have been unpaid (which amount was obviously included in the $4,709.05 total to be paid in cash according to the compromise agreement), there were no other medi *661 cal expenses incurred by the plaintiff as a result of his injuries except the amount ■owed to Dr. R. F. Marceau, who had ren■dered several reports to the insurer, the first one ten days after the accident.
As the learned trial judge stated: “The ■settlement papers referred to services received by Mr. Ortego rendered by Dr. Marceau. There was nothing to suggest that Southern Farm Bureau had not yet paid for these services. Neither is there •any question but that Southern Farm Bureau was fully obligated to pay for the medical treatment received by Mr. Ortego ■as a result of the accident. It was always understood by Dr. Marceau and Mr. Ortego that Southern Farm Bureau would pay the bill. Therefore, this court is of the opinion that the judgment of this court dated May .26, 1959, when referring to medical expenses ‘heretofore paid’ referred to Dr. Marceau’s bill for services.”
In support of its contention that parol evidence was not admissible to vary or explain the compromise agreement herein, the .able counsel for the insurer relies upon Courville v. Travelers Ins. Co., La.App. 1 Cir., 99 So.2d 362, 363. There, the compensation claimant had settled for a cash sum plus “medical expenses previously paid” by the insurer, and afterwards "brought suit to set aside the settlement upon the ground that certain medical expenses he had believed to be paid had in fact not been paid and that he would not have entered into the compromise had he Lnown of this fact. We affirmed the dismissal of the suit. Unlike in the present instance, however, the antecedent proceedings upon which the compromise therein was based were not shown to have permitted the inference that the intention was to include the medical expenses in question within the “medical expenses previously paid”, so as at least to permit parol evidence to explain an ambiguity; nor, as a matter of fact, was it claimed that such was the intended compromise agreement between the parties.
For the foregoing reasons, the trial court judgment holding the third-party defendant liable for these medical expenses is
Affirmed.