HARDY, Judge.
This action for divorce was instituted by plaintiff who has heretofore appealed to this court from a judgment sustaining an exception of res judicata and rejecting her demands. Upon consideration of the original appeal, this Court set aside the judgment of the district court and remanded the case for further proceedings, Turpin v. Turpin, 175 So.2d 357.
Pursuant to the order of remand the case was re-opened and further evidence adduced. After hearing the district court again sustained the plea of res judicata and rejected plaintiff’s demands, from which judgment plaintiff prosecutes' this appeal.
*651 The reasons for our remand were explicitly set forth in the opinion of the court as follows:
“We feel that, in the interest of justice, the parties should have the opportunity to produce any legal, competent evidence available to them to support their respective positions concerning the lack of jurisdiction of the Chancery Court of Arkansas or relative to acquiescence in the judgment by plaintiff or reliance thereon by the defendant,”
The evidence on original hearing of this case, as supplemented by the trial pursuant to our order of remand, definitely establishes certain pertinent facts. Plaintiff employed a lawyer in Magnolia, Arkansas, who instituted divorce proceedings in that State which culminated in a judgment of final divorce dated December 17, 1963, as evidenced by duly certified decree of the Chancery Court of Columbia County, Arkansas. On December 18, 1963, plaintiff married one Michael Harrington in Was-kom, Texas. As evidenced by a certificate of birth, a daughter, who was given the name of Ronni Lea Harrington, was born to plaintiff on June 10, 1964, in the City of Shreveport. On September 6, 1965 defendant was married to one Margaret A. Baggett in Las Vegas, Nevada.
In this action plaintiff herself has inexplicably attacked the validity of the divorce rendered by the Chancery Court of Arkansas.
Upon the basis of the facts above noted our learned brother of the district court made the following comment in his written reasons for judgment:
“ — We think the plea of res judicata, as presented in the nature of a plea of es-toppel and of acquiescence, should be sustained, as the record now shows that private rights have accrued since the judgment of divorce in the Arkansas court, including the re-marriage of both plaintiff and defendant in these proceedings, and the birth of a child to plaintiff herself, who carries the name of her husband by marriage subsequent to the divorce in Arkansas. To set aside the judgment of divorce in Arkansas, as plaintiff has asked this court to do, would not only hold that she and her present husband are guilty of adultery and the baby of their marriage a bastard, but the marriage of defendant likewise invalid, and he and his wife guilty of adultery.”
We are in complete agreement with the conclusion that the plea of res judicata in this case should be considered in the light of the facts supporting acquiescence and estoppel. Plaintiff unquestionably evidenced her acquiescence in and acceptance of the effect of the Arkansas judgment of divorce by her act in marrying Michael Harrington the day following the rendition of such judgment. We have no question as to the conclusion that plaintiff’s acceptance and acquiescence effectively serves to estop her from attacking the validity of the Arkansas divorce.
The reliance of the defendant upon the validity of the Arkansas judgment is evidenced by his remarriage in September of 1965.
The trial after remand has developed and established the existence of private rights which have arisen since and by virtue of the Arkansas judgment of divorce which brings this case squarely within the principle emphatically enunciated by our Supreme Court in Rouse v. Rouse, 219 La. 1065, 55 So.2d 246:
“ * * * the interest which the State has in the marriage relation, and its public policy as well, should dictate against the action of a person, who, like the plaintiff in this suit, would stigmatize herself as a bigamist and which also would result in injury to an innocent party like the defendant -in this suit who married the decedent in good faith and also to the children, had any been born of that marriage.”
*652 We think the principies of our law as represented by the jurisprudence, as well as reasons based upon considerations of common decency, support the judgment rendered, and, accordingly, the same is affirmed at appellant’s cost.