JiWOODARD, Judge.
This appeal involves a dispute concerning an agreement that “split up” a corporation that was owned by the plaintiff and defendant.

FACTS

The plaintiff, Eugene M. Sellers, and the defendant, Wayne Corne, were the sole shareholders of Corne, Sellers & Associates, Inc., an architectural and engineering business. In December 1991, Sellers advised Corne that he wanted to end their business relationship. During the next three months, Sellers and Corne negotiated a “split up” of the corporation through their accountant, Lloyd Dore, Jr., because they could not meet together “civilly.” The negotiations eventually broke down and Corne tendered a “take it or leave it” offer to Sellers, which he accepted on March 24, 1992. This written agreement, which was signed by both parties, provided that Sellers would sell his stock to Corne for $74,000 and the forgiveness of a $10,000 note that Sellers owed to the corporation. Additionally, they apportioned clients, some physical assets, and made provisions regarding the books, records, offices, name and telephone number of the corporation.
The center of dispute in the case sub judi-es is two insurance policies on the lives of Sellers and Corne that the corporation purchased in 1979. Sellers had actually made the arrangements for | Ahese policies and executed and signed the necessary paperwork. The corporation was listed on both policies as the owner and beneficiary and paid all the premiums. Sellers was under the erroneous impression that he owned the policy issued in his name; therefore, he never mentioned to Corne during the negotiations that he wanted the policy in his name as part of the price for his stock or that he wanted the agreement to specifically provide that the policies would be apportioned between the parties as *1182 some other corporate assets had been, Corne, on the other hand, read the policies and knew that they were owned by the corporation and used the cash value of the policies together with other cash assets of the corporation to determine its value, which in turn, he used to determine how much he would offer Sellers for his stock.
Sellers realized his mistake after the agreement had been executed, and he subsequently filed suit requesting that: (1) Corne be enjoined from “cashing in” the policy in Sellers’ name; and, (2) the agreement be “reformed” and “amended” so that this policy, with a value of $16,000, be transferred to him. The trial court granted a preliminary injunction, but at trial on the merits, the trial court dismissed Sellers’ case and held that: (1) this agreement could not be reformed because there was not mutual error concerning the ownership of the policy; and, (2) the agreement could not be rescinded because of Sellers’ unilateral error regarding the policy, as this was not the principal cause of the agreement; namely, the “splitting” of the corporation.
Sellers now appeals and asserts the following assignments of error: The trial court erred in failing to (1) apply the law of transaction and compromise to the agreement; and, (2) adjust the erroneous calculation in the compromise agreement as to the assets of the corporation.

LAW

On this appeal, Sellers does not request that the agreement be “reformed” under general contract law, nor does he want this agreement to be rescinded under LSA-C.C. art. 1949. Instead, Sellers argues, as he did before the trial court, that this was a compromise agreement because he signed it under the threat of litigation from Corne. He asserts that under LSA-C.C. art. 3078, a compromise agreement that contains an error in the calculation can be corrected by this court. He then argues that there was an error in the calculation because “$32,000 worth of life insurance was not divided between the parties” as the corporation’s other assets had been. Corne, on the other hand, asserts that this is a contract of sale; however, he argues that even if the agreement were a l8compromise, Article 3078 is not applicable to the facts of this case. The trial court did not decide whether this agreement was a contract of sale or compromise because it believed, regardless of the classification, the law regarding reformation and rescission on the grounds of unilateral error was the same, and Sellers could not recover under either theory.
We also do not need to decide this issue, because even assuming arguendo that the agreement is a compromise, Article 3078 does not apply to the case sub judice because there was not an error in the calculation. Courville v. Travelers Insurance Company, 99 So.2d 362 (La.App. 1 Cir.1957). Article 3078 provides, in pertinent part, that “an error in calculation may always be corrected” in a compromise agreement. In Courville, an injured employee compromised a workers’ compensation claim with his employer for “[T]he full sum of Six Hundred Dollars ($600.00) in addition to compensation and medical expenses previously paid....” The employee signed this agreement under the mistaken belief that the employer had paid an outstanding $247.00 bill for medical services. However, when the employee was presented with this bill, he brought a suit to modify the agreement. The first circuit in dismissing his claim, stated:
“Plaintiff-appellant argues that he is entitled to correct the ... compromise to prove that the sum of two hundred forty-seven dollars in medical expenses was erroneously omitted in the calculation of the amount of the compromise, since under LSA-Civil Code Article 3078 regulating compromises ‘an error in calculation may always be corrected.’ Cited is Sixth District Building & Loan Ass’n v. Mattes, La.App. Orleans, 181 So. 618, in which the lender was permitted to recover the sum of two hundred dollars omitted by clerical error from the previous final settlement of the debt between the lender and borrower.”
******
“We are unable to accede to counsel’s able argument, for we think that the facts alleged show that the error was not in the *1183 clerical notation or computation of the figures, such as might have justified the relief sought, but in the mistaken belief by plaintiff that his medical expenses had already been paid.”
Id. at 363, 364.
Similarly, in the case sub judice, there is no error in the clerical notation or computation of the figures in the agreement. It is clear from Sellers’ own testimony that the only error was his own mistaken factual belief that he owned the policy issued in his name:
“Q. Mr. Sellers, being that we’re looking at documents and describing them for the Court, the policy that we’re — made subject to this litigation on your life, does list Corne and Sellers as the owner; does it not?
A. It does list Corne and Sellers as the owners, and I know now what that means.
UQ. And it does list Corne and Sellers, the corporation, as the beneficiary?
A. Yes, it does.
Q. Your signature does appear at the bottom; does it not?
A. Yes, it does.
Q. Is your indication to the Court that you didn’t understand what that meant?
A. As of today, I know what that means. At the time we were negotiating, I did not realize, number one, that the policy was so written and that it was always my intent or my understanding that the policy on my life was my policy and the policy on Wayne’s life was his policy....”
The agreement encompasses everything that Sellers and Corne actually negotiated and agreed to. When Corne bought out Sellers’ stock, he became the sole owner of the corporation, which in turn, was the owner and beneficiary of the insurance policies. This litigation could have been avoided if Sellers simply would have read the policy which he signed, which was in his possession. Had he read the policy like Corne, he would have known that the corporation owned the policies and he could have then demanded either that: (1) the policy be part of the price for his stock; or (2) that the parties split the policies, as they had done for other corporate assets. Instead, Sellers just “assumed” he owned the policies, and he cannot now complain of a bad deal that was directly caused by his own carelessness in conducting his affairs.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff-appellant, Eugene Sellers.
AFFIRMED.