STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1529


ERICA LANDRENEAU GLOVER

VERSUS

DAVID GLOVER


**********


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 69548-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE


**********


JOHN D. SAUNDERS
JUDGE


**********


Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain[1], Judges.


**AFFIRMED.**


**Todd Lee Farrar**
**Attorney at Law**
**P. O. Box 4028**
**Pineville, LA 71361-4028**
**(318) 448-4040**
**Counsel for Defendant/Appellant:**
**David Glover**

---

[1]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Brian Davis Mosley**
**Attorney at Law**
**P. O. Box 12127**
**Alexandria, LA 71315**
**(318) 484-6100**
**Counsel for Plaintiff/Appellee:**
**Erica Landreneau Glover**

**Shelley A. Deville**
**Attorney at Law**
**P. O. Box 716**
**Ville Platte, LA 70586**
**(337) 363-0707**
**Counsel for Plaintiff/Appellee:**
**Erica Landreneau Glover**

**SAUNDERS, Judge.**

Herein, we address whether the trial court erred in dismissing the Appellant's Petition to Nullify the Judgment of Divorce based on improper venue. For the following reasons, we affirm the ruling of the trial court.

**FACTS AND PROCEDURAL HISTORY:**

Erica Landreneau Glover (Erica) filed a petition of divorce based on adultery against David Glover (David) on January 31, 2008, in Evangeline Parish. The divorce petition showed Erica as being a domiciliary of St. Landry Parish and David as being a domiciliary of Jefferson Davis Parish. The couple's last matrimonial domicile was also in St. Landry Parish. Further, in her affidavit in support of her *In Forma Pauperis* filing, Erica was again listed as residing in St. Landry Parish.

David accepted service of the petition for divorce and waived citation and notice of the trial date. Erica requested the entry of a preliminary default and timely confirmed the default. A judgment of divorce was granted on April 18, 2008. During the confirmation of default, the trial court questioned the respective domiciles of the parties before granting the divorce. Erica testified that she had been living "on and off" between St. Landry and Evangeline Parish at the time of filing the petition for divorce.

On April 17, 2009, David filed a Petition to Nullify the Judgment of Divorce; he claimed that the divorce was filed in an improper venue. A trial was heard on the issue, and the petition was dismissed. It is from this judgment that David now appeals.

**ASSIGNMENT OF ERROR:**

The trial court erred in dismissing the Petition to Nullify the Judgment of Divorce.

**LAW AND DISCUSSION ON THE MERITS:**

Standard of Review

The standard of review to be applied by this court was set out by our supreme court in *Stobart v. State, through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993).

> A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder's determinations:
>
> 1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
>
> 2) The appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
>
> . . . .
>
> This court has recognized that "[t]he reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."

*Id*. at 882-83 (alteration in original).

Discussion

In his appeal, David asserts that the trial court erred in not declaring the judgment of divorce an absolute nullity. In his argument, he relies on La.Code Civ.P. art. 3941. It reads as follows:

> A. An action for an annulment of marriage or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
>
> B. The venue provided in this Article may not be waived, and a Judgment rendered in either of these actions by a court of improper

venue is an absolute nullity.

It is well-settled law that when a judgment of divorce is granted in a parish where neither party is a domiciliary and where that parish was not the home of the last matrimonial domicile, the judgment is an absolute nullity. La.Code. Civ.P. art. 3941.

It is clear from the record that there is some contradiction as to whether Erica was domiciled in Evangeline or St. Landry Parish at the time of filing for divorce. The trial court satisfied itself that Erica was, in fact, domiciled in Evangeline Parish and granted the judgment of divorce. Before we address whether manifest error existed in the trial court's determination, we will first discuss our supreme court's ruling in *Rouse v. Rouse*, 55 So.2d 246 (La.1951).

In *Rouse*, a woman attempted to intervene into a suit related to the estate of her deceased ex-husband. She claimed that the couple's divorce in Mississippi was an absolute nullity and that she was entitled to her share of the couple's community property. The court disagreed. While it acknowledged the lack of jurisdiction of the Mississippi court, the court found that the woman acquiesced in the judgment of divorce by relying on it and remarrying, and, thus, she was estopped from challenging the divorce's validity. "The principle upon which cases of this character should be decided is that no one can accept the benefits of a judgment and then be heard to assert its nullity and invalidity." *Id*. at 250.

In the matter before us, David relied on the judgment of divorce and has remarried since the time of his divorce from Erica. We find that *Rouse* is controlling on this issue and that David, in accepting the benefits of the judgment of divorce, has acquiesced in the judgment and is, thus, prevented from asserting its nullity. Accordingly, there is no need to address whether the trial court's decision was

manifestly erroneous. Nevertheless, in the interest of completeness and judicial efficiency, we will address this issue.

Judge Fusilier was well aware of the fact that he had no jurisdiction if Erica was not a domiciliary of Evangeline Parish. The tenor of Erica's testimony was that she was living back and forth between the two parishes and that her intent was to have Evangeline Parish as her domicile permanently. Judge Fusilier was able to view Erica during her testimony and had the opportunity to evaluate her credibility.

The law is well-settled that trial judges are afforded great, even vast, discretion in determinations of credibility and that their findings of fact should not be overturned unless clearly wrong. *Rosen v. State Dep't of Transp. and Dev.*, 01-499 (La.App. 4 Cir. 1/30/02), 809 So.2d 498, *writ denied*, 02-605 (La. 5/10/02), 815 So.2d 842. After examining the record, we are unable to say that Judge Fusilier abused his considerable discretion. Accordingly, we find that David's assignment of error is without merit, and we affirm the judgment of the trial court.

**CONCLUSION:**

For the foregoing reasons, we find that because David relied on the benefits of the judgment, he is estopped from asserting the nullity of his divorce from Erica. Moreover, we find that the trial court did not abuse its considerable discretion in dismissing the petition. Accordingly, the ruling of the trial court is affirmed. Costs are assessed to the Appellant, David.

**AFFIRMED.**