SUCCESSION OF JEAN MICHEL MINVIELLE—R. DOMEC *v.* L. BARJAC, Execu-
tor, and CORA LALANDE, f. w. c.

A marriage celebrated between a free white person and a free person of color, in violation of Art. 95
of the Civil Code, is an absolute nullity. No suit is needed to declare the nullity of such a union.
Either party may disregard it and neither can pretend to derive from it any of the consequences of a
lawful marriage. Such a marriage may be attacked collaterally and in every form of action in which
it is set up against either of the parties.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
G. *Schmidt,* for plaintiff and appellant.  *A. & A. Pitot* and *Julien Seghers,*
for defendants.

MERRICK, C. J.  The defendant Cora Lalande, f. w. c., obtained judgment
against the succession of *Jean Michel Minvielle* deceased, for a sum of money.

Afterwards the plaintiff *R. Domec,* took a rule upon the executor *L. Barjac* to
show cause why he should not pay the money thus recovered to him as the hus-
band of the said *Cora Lalande,* and head of the matrimonial community to which
he alleges said sum of money belongs.

The executor in answer to the rule stated that he was a mere stake holder, and
required that *Cora Lalande,* the judgment creditor, should be made a party, which
was accordingly done.

*Cora Lalande,* in answer to the rule, denied that she was the wife of *Domec,*
because said *Domec* is a white man and she is a colored woman, and such a mar-
riage is prohibited by Article 95 of the Code.  She alleges, further, that said
*Domec* and respondent have for a long time ceased to live together and that he
has publicly and positively denied that she was his wife.

On the trial of the rule the plaintiff offered in evidence the certificate of the
marriage, showing that he was married to said *Cora Lalande* on the 24th of
March, 1847, by the *Rev. J. P. Morrissot,* Curate of Annunciation Church, by
virtue of a license from *Mr. Canon,* Justice of the Peace.

The defendant offered to prove that plaintiff was a white person, and *Cora La-
lande,* a free person of color.  The testimony was objected to by plaintiff on the
ground that the defendant could not prove the nullity of the marriage in this
form, but must resort to a direct action for that purpose.  The court admitted
the proof and plaintiff excepted.

The admissibility of the testimony depends upon the effect to be given to the
forms of marriage between white persons and free persons of color.  If the forms
of marriage between a white man and a free negress or mulatress are absolutely
null and void, such pretended marriage may be attacked collaterally and in
every form in which it is set up against either of the parties, and the testimony
was admissible.  The law on the subject is contained in Article 95 of the Civil
Code, which is as follows : " Free persons and slaves are incapable of contract-
ing marriage together.  *The celebration of such marriages is forbidden and the
marriage is void.  There is the same incapacity, and the same nullity, with respect
to marriages by free white persons with free people of color."*

The prohibition contained in this article is one eminently affecting the public
order.  Hence the *nullity* declared by the same is absolute, and cannot be cured
by ratification.  The law is of that rigorous nature that it will not permit a mar-

riage to exist between persons of the two different races for a moment. No suit is needed to declare the nullity of such an union. Either party may disregard it, and neither can pretend to derive from it any of the consequences of a lawful marriage. Hence, the defendant was at liberty to show the absolute nullity of the pretended marriage whenever it was opposed to her, without the necessity of having previously brought an action to annul that which our law declares can have no existence. C. C. 11, 12, 182 ; 3 An. 329 ; 10 An. 411 ; 1 Bouvier's Inst. p. 113, sec. 273 ; Croke Eliz. 858, *Riddelsden* v. *Wogan.*

On the merits plaintiff denies, 1st. that it is proved that he is a white man, 2d. that it is proved that the defendant is a person of color.

The proof that *plaintiff* is white, results from the certificate of marriage ; the bringing of this suit as a white person, a publication in the Bee, and the statement of one witness, who says he is a white person, and another who says he is a Frenchman, a Gascon.

The proof that *defendant* is a person of color is made by one witness, who says that " *Cora Lalande* is a woman of color ; what is generally called a mulatress," and by the same statement, signed by *Domec* and published in the Bee, wherein he gives his discovery of her birth, as a reason of their separation, and says she has no right to the name of *Madam Domec,* and that she ought never to have borne it.

There is, therefore, no reason to disturb the judgment of the lower court.

Judgment affirmed.