Monnier vs. Contejean.

## No. 11,188.

### MARIE MONNIER VS. PIERRE HENRI CONTEJEAN.

1. The facts being established: (1) That, at the date of the marriage between plaintiff and defendant, the latter was already lawfully married to another; and (2) that plaintiff was fully cognizant of that fact, the legal conclusions follow: (1) That plaintiff is entitled to the decree prayed for by her in this suit, declaring the nullity of the marriage; and (2) that the marriage produced no civil effects either as to the parties or their offspring.
2. A judgment rejecting plaintiff's demand of nullity, and granting a decree of nullity in favor of the husband on his reconventional demand, must be reversed and rendered in favor of the plaintiff.

APPEAL from the Fourteenth District Court, Parish of Iberville. Talbot, J.

P. L. Fourchy and Albert Voorhies for Plaintiff and Appellant.

Alex. Hebert for Defendant and Appellee.

The opinion of the court was delivered by

FENNER, J. The plaintiff claims the nullity of a marriage be-

tween herself and defendant on the ground of a prior marriage of the latter subsisting at the date when he married plaintiff.

Plaintiff further alleges that her marriage with defendant was contracted in good faith, on her part, in ignorance of his subsisting marriage, and, therefore, produced its civil effects as to her and as to the child born of the connection, and prays for appropriate relief, awarding her the custody of the child and recognizing and enforcing her community rights.

The defendant responds, admitting the fact of the prior undissolved marriage, alleged that plaintiff was fully cognizant thereof before and at the time of her contract with him, and prayed that her demands be rejected and for judgment in reconvention in his own favor decreeing the nullity of the marriage.

The foregoing sufficiently presents the substantial issues, eliminating other superfluous matters set forth in defendant's answer.

We will not comment on the evidence further than to say that it fully establishes the two pivotal facts, viz.:

1. That at the date of the marriage with plaintiff, defendant was the lawful husband of another woman by valid marriage.

2. That plaintiff was fully cognizant of that fact at and before the time of her marriage.

From these facts the legal conclusions inevitably flow, (1) that plaintiff is entitled to the decree prayed for by her, declaring the nullity of the marriage. C. C. 113. Lutenbacher vs. Losher, 37 An., 832.  (2) The marriage between these parties was null and void, and, neither party being in good faith, produced no civil effects either as to them or their offspring. Rev. C. C., Arts. 117, 118; Succession of Taylor, 39 An. 823.

We are left in the dark as to the reasons which influenced the judge to reject plaintiff's demand of nullity and to grant the reconventional demand of the defendant to the same effect, and we can discover no legal ground for such action.   We are bound to reverse the judgment, and render one conforming to the rights of the parties under their pleadings.

It is, therefore, adjudged and decreed that the judgment appealed from be avoided and reversed; and it is now adjudged and decreed that there be judgment in favor of plaintiff, decreeing the nullity of the marriage contracted between her and the defendant on December 17, 1866, and that, in all other respects, the plaintiff's demands

be rejected, and that the reconventional demand of defendant be rejected, except in so far as it prays for judgment declaring that the said marriage produced no civil effects, in which respect it is sustained; defendant and appellee to pay costs of both courts.