MONROE, J.
Plaintiff alleges that “over eight years ago” she married George Ryals, and that “for a short time afterwards they lived together agreeably, up to about six or seven years ago,” when he became insane, and was arrested, and in due course decreed to be insane, and, by reason thereof, committed to the State Asylum, “where he is now undergoing said sentence for insanity, which is infamous”; that said proceedings were conducted by the state—
“according to her laws upon the matter of interdiction, and without the consent or sanction of petitioner, and, by reason thereof, your petitioner is deprived of the company of her said husband, owing to the acts of the state of Louisiana, acting in her sovereign capacity and by virtue of her laws, enacted to govern and dispose of the insane, by decreeing them insane and civilly dead and removed from society.”
She further alleges that her husband’s malady is incurable, and that he will remain *245 •where he is until relieved by death, and that ■■■she is a young woman, in the prime of life, •and is not compelled—
'"to remain in a state of abject slavery and servitude and to satisfy the law of marriage which was never intended to exist and continue un•der the foregoing circumstances herein assigned, .■and therefore the said marriage, which has been annulled and avoided by the said judgment -of interdiction, terminates the contract of marriage that once existed between petitioner and her once husband, George Ryals, and for the .•further reason that petitioner’s once husband is civilly dead to all intents and purposes of the law, and therefore the marriage that was ■performed between your petitioner and said •George Ryals perished when the judgment of •'interdiction was pronounced, and therefore the ■said marriage which has been annulled by the acts of the sovereign through her constituted judicial tribunals should be so decreed by this honorable court.”
Petitioner—
■“prays for judgment decreeing the marriage '•heretofore existing between petitioner and her ;said husband, George Ryals, terminated and mo longer in force, null and void,” etc.
In a supplemental petition plaintiff inti-mates, as an afterthought, without alleging, that her husband was or may have been 'insane when she married him.
The curator ad hoc appointed to represent ■defendant filed an exception of “no cause -of action.” The judge a quo sustained it, and dismissed the suit, and plaintiff has ap■pealed. The case has been submitted without argument, oral or written.
The grounds upon which marriages may ■’■be annulled are specified in the Civil Code, and do not include that upon which plaintiff relies. The judgment appealed from is thereafore affirmed.