PROVOSTY, J.
Plaintiff’s son was drowned in a pond on the yard of the mill of the defendant company while in the employ of the defendant company as water boy.. His body was found in the pond. How it got there, no one knows. A plankway 20 inches wide, unprovided with guards, furnished access to a flowing well, or pipe, standing out in the middle of the pond, and the supposition is that he fell from this plankway. There were other less dangerous places where he might have gotten the water which he was to carry to the workmen on the yard, but the workmen preferred the water from this well, as it was cooler. The petition lays the damages at $8,000, without specification of whether plaintiff claims in his own right for his mental suffering and the loss of the services of the boy, or in right of the boy for the sufferings of the boy.
One of the contentions of defendant is that the boy was past 14, and that therefore the suit should have been brought under the Employers’ Liability Act (Act No. 20 of 1914). We fincj. it unnecessary to go into that question, as we find that plaintiff cannot in any event recover.
[1] His main reliance is upon the alleged fact that the occupation was dangerous and the boy less than 14, so that his employment was in violation of the Child Labor Law, Act 301, p. 453 of 1908. But plaintiff was one of the workmen to whom the boy carried water on the yard, and was as fully aware as defendant could have been of any danger the boy would be exposed to, and it was he who had solicited the job for the boy, representing him to be about 15 years old, as he appeared to be. He therefore as much as, if not more than, defendant, is responsible for the employment of the boy; and hence to allow him damages because of this employment would be to allow him to profit by his own wrong. In so far therefore as he is suing in his own right because of the employment of the boy, he is estopped. Alexander v. Standard Oil Co., 140 La. 54, 72 South. 806.
Learned counsel for plaintiff argue that this child labor law is a prohibitory' law, and that “estoppel cannot be invoked to impair the force and effect of a prohibitory law,” citing Ins. Co. v. Harbor Protection, 37 La. Ann. 236, and Sucn. of Jacobs, 104 La. 447, 29 South. 241. In the first of these cases, a corporation had been sought to be formed by a number of corporations joining together as incorporators; and the suit was by one of those corporations to have the nullity of the attempted incorporation decreed for the reason that such a thing as a corporation being composed of other corpora *317 tions was legally Impossible; and estoppel was pleaded. In tbe other case, tbe renunciation of tbe succession of a living person was sought to be made effective by estoppel. And so in tbe case of Ackerman v. Larner, 116 La. 115, 40 South. 581, a donation omnium bonorum was sought to be made effective by estoppel. Tbe doctrine of these eases is simply that tbe object of a prohibitory law cannot be defeated by estoppel, nor tbe legally impossible accomplished. Tbe doctrine would be applicable in a case of this kind if tbe estoppel were sought to be invoked against tbe child that bad been employed, either for defeating bis suit or for maintaining him in tbe employment. But tbe object of tbe child labor law not 'being to enable a father to recover damages resulting to himself from bis own act in procuring tbe employment of bis underage child, that law is not defeated by denying damages to tbe father of tbe child suing in bis own right.
[2] Another respect in which plaintiff charges defendant with negligence is that no warning was given to tbe child of tbe danger to which he would expose himself by venturing out on this plankway. We do not know that the boy ventured out on the plankway, and we do not think a boy apparently 15 years old need be warned against the danger of falling into an open pond of water. The danger is as obvious to such a child as to a grown person.
[3] In so far as plaintiff sues in right of the child for the suffering of the child, he has no case, as the child is not shown to have suffered. Nothing is known of the circumstances of his death beyond the fact that his dead body was found in this pond a few hours after he- had been seen alive.
The judgment dismissing the suit is affirmed, at plaintiff’s cost.
MONROE, C. J., and O’NIELL, J., take no part.