367 So.2d 93 (1979)
Dr. William C. SUPER
v.
Madeleine BURKE.
No. 9763.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1979.
Rehearing Denied February 15, 1979.
*94 Parlongue & Riegel, Philip R. Riegel, Jr., New Orleans, for plaintiff-appellee,
Reed, Reed & D'Antonio, Floyd J. Reed, Metairie, for defendant-appellant.
Before STOULIG, SCHOTT, and GARRISON, JJ.
GARRISON, Judge.
This is a suit by Dr. William C. Super seeking to have his marriage to Madeleine Burke annulled.
The facts of this case are not in dispute. Dr. Super married Monya Gray in 1965 and established a domicile in Louisiana. In February of 1972, he travelled to the Dominican Republic for the sole purpose of obtaining a divorce which he did on February 7th. At this proceeding Monya Gray was represented by an attorney, appointed by her by virtue of a notarized power of attorney.
On February 10, 1972, a marriage ceremony was performed between Dr. Super and Madeleine Burke in the Dominican Republic. The couple then returned to live in Louisiana. On February 7, 1973 Monya Gray obtained a divorce from Dr. Super in Louisiana. On August 1, 1977 Madeleine Burke obtained a legal separation from Dr. Super in the Parish of Jefferson but this is not involved in the instant matter.
Dr. Super testified he had doubts about the legality of the Dominican Republic divorce. Madeleine Burke was present when the Dominican Republic divorce was granted. She testified Dr. Super assured her of its legality and she thought it was a legal divorce. He did not discuss its nonvalidity with her until she filed suit for separation.
The trial judge found that the Dominican Republic divorce decree between Dr. William Super and Monya Gray Super was invalid and a nullity. However, he also found that Madeleine Burke was totally unaware of the defect and thought she was lawfully married to Dr. Super. As such she is considered as his putative wife. Madeleine Burke appealed the finding of nullity; and Dr. Super answered contesting the judgment declaring defendant a putative wife. We affirm.
*95 The issue of the validity of the Dominican Republic divorce was decided by this court in Everett v. Everett, 345 So.2d 586 (La. App. 4th Cir. 1977) writ dismd., La., 349 So.2d 329. The facts of that case are identical to the ones at bar. There too, the wife had signed a power of attorney and was represented by counsel. This court specifically rejected the argument with respect to comity. It stated:
"We think that the state does have an interest in having a clear cut determination as to the status of its citizens and it should not recognize a quick divorce obtained by its citizens on overnight trips to foreign countries where attitudes and philosophies of the courts, as well as concepts of substantive and procedural due process, are entirely unknown and probably inconsistent with our own." 345 So.2d 588.
The court then went on to reject the argument that plaintiff was estopped from bringing the action.
In order for estoppel to apply there must be: (1) a representation by word or conduct, (2) justifiable reliance, and (3) a change to one's detriment because of the reliance. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975). The Everett court concluded there was no representation on the plaintiff's part on which the defendant relied to his detriment. The representation of the validity of the Dominican Republic divorce was made by an attorney. But the court went on to say that even if plaintiff had represented the validity of the divorce, defendant would not have been justified in relying upon his words to that effect.
This argument was also rejected in Clark v. Clark, 192 So.2d 594, 597 (La.App. 3rd Cir. 1966).
We find no merit in the defendant's contention on this point, for a marriage between persons already legally married is prohibited by law and the doctrine of estoppel cannot be urged to impair the force and effect of a prohibitory provision of law. La.Rev. Civil Code Art. 93; Rhodes v. Miller, 189 La. 288, 179 So. 430, 440 (1938). In addition, a marriage which is invalid because one of the contracting parties was legally married at the time of its confection is an absolute nullity and may be impeached by either of the parties to the marriage or by any other party in interest. La.Rev. Civil Code Arts. 93, 113; Monnier v. Contejean, 45 La.Ann. 419, 12 So. 623; Rhodes v. Miller, supra; Burrell v. Burrell, 154 So.2d 103 (La.App. 1st Cir. 1963).
The plaintiff has appealed that part of the judgment declaring Madeleine Burke to be a putative wife, La. C.C. 117, 118.[1] That part of the judgment was in response to defendant-appellant's supplemental answer to the petition, in which answer she alternatively averred that even if there was a defect in plaintiff's divorce, affecting her marriage to him, she should be considered in law a putative wife. We concur with the holding of the trial judge in this regard.
Counsel for Dr. Super relies on Gathright v. Smith, 352 So.2d 282 (La.App. 2d Cir. 1977), as authority that once a null marriage is proven, the burden of proving good faith shifts to the party who contracted the marriage. However, in Gathrightas in Succession of Choyce, 183 So.2d 457 (La. App. 2d Cir. 1966) writ dismd. 249 La. 64, 184 So.2d 735, cited in Gathright the burden of establishing good faith was placed upon the party who had not terminated his previous marriage.
This court has recently considered the question of marital good faith. In Succession of Zinsel, 360 So.2d 587, 592 (La.App. 4th Cir. 1978), the court stated:
"`Good faith' within the meaning of LSA-C.C. arts. 117 and 118 has been defined as `an honest and reasonable belief that the marriage is valid and that no legal impediment exists thereto'. Succession of Fields, 222 La. 310, 62 So.2d 495 *96 (1952); Succession of Pigg, 228 La. 799, 84 So.2d 196 (1955). The existence of good faith is a factual question dependent upon the circumstances of each case. Succession of Chavis, 211 La. 313, 29 So.2d 860 (1947). Furthermore, this good faith is presumed to exist in favor of a party claiming to be a putative spouse who, free of her own impediment, enters into the marriage and the burden of proving the lack of good faith is upon the party attacking the marriage. Succession of Chavis, supra; Succession of Jene, supra, [173 So.2d 857 (La.App. 4th Cir. 1965)]."
The trial judge found that Madeleine Burke's belief that the Dominican Republic divorce was legal was honest and reasonable. He was in a position to rule on the credibility of the witness. Furthermore, "if there is any doubt as to the good faith of the parties to a second marriage, it is to be resolved in favor of good faith." Succession of Primus, 131 So.2d 319, 321 (La.App. 1st Cir. 1961).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
STOULIG, J., concurs with written reasons.
STOULIG, Judge, concurring.
I concur in the result.
NOTES
[1] Art. 117. The marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith.

Art. 118. If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the marriage.