TATE, Justice,
dissenting.
The court of appeal held that the plaintiff husband’s Dominican Republic divorce from his prior wife was a nullity, even though both spouses personally appeared or were represented, and even though the plaintiff husband was the moving party in procuring it. 367 So.2d 93 (La.App. 4th Cir. 1979). It therefore granted his prayer to annul the subsequent marriage to the defendant, his subsequent wife. However, at the same time it correctly held that, at the very least, she was a putative wife, since she had entered into this subsequent marriage in good faith.
We are informed by the subsequent wife that she will suffer detriment if she is declared merely a putative instead of a legal wife. While I personally feel that as putative wife she is entitled to all the benefits that a legal wife might receive under the circumstances, nevertheless I do not feel that the husband, who provoked and was the moving party in an allegedly invalid prior divorce, should be permitted to attack the validity of his subsequent marriage on the basis of the invalidity of the foreign divorce that he procured.
I see no reason of Louisiana public policy that requires it. Although our law requires domicile of at least one of the parties for domestic divorces, the law of the Dominican Republic does not. Where both husband and prior wife consented to the exercise of divorce jurisdiction by Dominican courts, I do not see that any overriding interest of Louisiana should invalidate such consented-to exercise of jurisdiction.
All the more do I feel that Louisiana courts should not invalidate a good-faith marriage at the instance of the husband who was the moving party in securing the divorce, the invalidity of which is the basis of his attack upon the subsequent marriage. The innocent third person (the subsequent wife) should not be permitted to suffer deprivation because of the wrong committed by the beneficiary who is enriched by such deprivation.
It seems to me that we would not permit, for instance, a collateral attack by a tort-feasor upon the divorce and subsequent marriage in order to deprive the subsequent wife of tort damages as surviving widow.[1] No more should we permit the husband to do so, who (as moving party) with full knowledge participated in and provoked the divorce and entered into the subsequent marriage.
Accordingly, I respectfully dissent.

. Cf. Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (La.1966), where however the attack on a Mississippi divorce was barred by full faith and credit principles. The widow who had entered into a good-faith public marriage should not be deprived of damages from the tortfeasor who killed her husband on the basis of a potential invalidity of a prior divorce which was based on personal appearance and is not attacked by any of the parties to it. In such an instance, the tortfeasor simply has no legal or social interest which is violated by the prior divorce, and he should not have standing to attack it collaterally.