SCHOTT, Judge,
dissenting.
The basic law of this state is that persons legally married are, until a dissolution of the marriage, incapable of contracting another, LSA C.C. Art. 93, and the nullity of such a marriage is absolute and insusceptible of confirmation or ratification. It is unnecessary that a direct action be instituted for the purpose of setting aside such a marriage and its nullity may be demanded by way of exception or defense. Summerlin v. Livingston, 15 La.Ann. 519 (1860), Ranney v. Burthe, 15 La.Ann. 343 (1860).
In Rhodes v. Miller, 189 La. 288, 179 So. 430 (1938) the court held that estoppel and the equitable rule of “clean hands” would not operate as a defense against an action to annul a bigamous marriage. The court stated:
“The marriage here attacked, being an absolute nullity in contravention of public policy and good morals, it is in the public interest that it be vacated. It would be against all reason to maintain the parties in a relation or status which the law forbids. The public interest will be better served by granting the relief herein sought, even though it be applied for by the guilty party, than by withholding it. And so doing, the court is not acting for the sake of the party, but for the public good.”
These principles were discussed at length in Clark v. Clark, 192 So.2d 594 (La.App. 3rd Cir. 1966).
If the marriage between appellant and Appellee was contracted at a time when they were both married legally to other parties, they were never married at all and appellant’s subsequent activities in the divorce proceedings which became final in Ingram v. Ingram, 382 So.2d 980 (La.App. 1st Cir. 1980) could not have the effect of validating the marriage. For these reasons I respectfully disagree with my colleagues who treat appellant’s position in this case as a collateral attack on the divorce proceedings in which she participated.
Appellant brought a tort action against appellee in her reconventional demand and was met with an exception of no right of action on the basis of interspousal immunity. In response to that exception she filed in the record copies of judgments of divorce between each of the parties and a previous spouse, both of which were rendered after the date when the parties purportedly married each other in Mexico. The posture of the case at this point was much the same as Farrell v. Farrell, 275 So.2d 489 (La.App. 1st Cir. 1973) in which the court considered an allegation of a valid marriage by the husband as a legal conclusion inadequate to overcome exhibits showing that the marriage was contracted before the date of the judgment of divorce as to his first marriage.
I agree with the majority opinion that the evidence in this case is sparse and the cases relied on by appellant are not necessarily controlling. However, considering the repeated pronouncements of our courts regarding the absolute nullity of a bigamous marriage and public policy consideration in this regard, it seems to me that the burden of proof was on appellee to show that they were legally married after appellant filed the copies of the judgments of divorce as to both spouses which post-dated the date given for the marriage between the parties.
I would reverse the judgment of the trial court and remand the case for further evidence from appellee to show that he and appellant were validly married.