LOTTINGER, Judge.
This is an action seeking an injunction and a declaratory judgment brought by United Financial Services of Baton Rouge Inc. (United) against William J. Guste, Jr., Attorney General of the State of Louisiana; Winston Riddick, Assistant Attorney General of the State of Louisiana; the Louisiana Department of Justice; Fred C. Dent, Commissioner of Financial Institutions; Gary M. Newport, legal counsel to the Commissioner; and the Office of Financial Institutions (OFI). The petition seeks to prevent certain records of United in the possession of the OFI from being disseminated to the public by the named defendants. Don Siegelman, Attorney General of Alabama, and the Alabama Department of Insurance intervened in this proceeding in favor of disclosure of the documents.
FACTS
We glean from the record the following facts.[1] Alleging that it is a financial institution licensed and regulated by the OFI under Title 6 of the Louisiana Revised Statutes, United argues that it is required by statute to provide information to the OFI relating to United's financial activities; that on October 24, 1988, a letter from Fred Dent, Commissioner, OFI, was sent to United; that the October 24, 1988 letter and the confidential information contained therein was released by defendants to persons outside the employ of OFI in violation of La.R.S. 6:103, 6:129, 44:4(3) and 44:4(4); that the October 24, 1988 letter and the confidential information contained therein was the subject of a series of television news stories; and that other information on file with OFI and pertaining to United was in jeopardy of being released. United asked for both a declaratory judgment and injunctive relief.
Defendants argue that a “limited function financial institution,” licensed pursuant to La.R.S. 6:451, as was United, is not a “financial institution” within the ambit of Chapter 1, Public Records, Title 6, Louisiana Revised Statutes.
TRIAL COURT
The trial court granted a declaratory judgment holding that the records held by OFI pertaining to United were not public records and ordered the defendants, other than intervenors, to comply with the provisions of La.R.S. 6:103 and not to release records in violation of La.R.S. 6:103 unless for the purposes outlined in La.R.S. 6:423 or any other law that requires the inspection of records. A complete text of the trial court judgment is attached as an Appendix.
The Louisiana defendants have appealed, whereas the intervenors have not appealed.
ASSIGNMENTS OF ERROR
In appealing, the defendants-appellants contend the trial court erred in:
*563 1. ruling that a financial institution and a limited function financial institution are identical legal entities, and overruling the exception of no right of action;
2. ruling that the records of a limited function financial institution in the custody of OFI enjoyed the same privilege against disclosure under La.R.S. 44:4(4) and La.R.S. 6:103 as a financial institution, and overruling the exception of no right of action;
3. ruling that when records in the custody of OFI are probative of fraud or crimes by the licensee with regard to those records or the actions or transactions they memorialize, and that such records retain any statutory privilege against disclosure which applies, and that such statutory privilege is judicially enforceable;
4. rendering a declaratory judgment which was executory and injunctive and coercive in substance;
5. rendering a declaratory judgment without admitting evidence where the factual allegation of fraud was made;
6. ruling that it is not required for a party to have a justiciable right to invoke the jurisdiction of the court that such a party must be free of the taint of any unlawful or fraudulent conduct with regard to the action or transaction at issue;
7. ruling that fraud and crimes do not vitiate all legal entitlements applying to the fraudulent action or transaction;
8. ruling that all records of the OFI are confidential;
9. ruling that the procedure authorized by La.R.S. 6:423 provided a substantive remedy for fraud and crimes not a violation of Title 6; and
10.denying the defendants their constitutional right to due process of law by denying them the right to introduce any evidence in support of their pleadings.
ASSIGNMENTS OF ERROR NOS. 1, 2, AND 8
The central issue in this case is whether the records, etc., of a “limited function financial institution,” as authorized by La. R.S. 6:451, in the possession of the Office of Financial Institutions are exempt from Title 44, Chapter 1, Public Records, Louisiana Revised Statutes.
The Louisiana Public Records Law, Title 44, Chapter 1, Louisiana Revised Statutes, was enacted to implement the inherent right of the public to be reasonably informed as to the manner, basis, and reasons upon which governmental affairs are conducted. A liberal rather than a restrictive interpretation is applied. Trahan v. Larivee, 365 So.2d 294 (La.App. 3rd Cir.1978), writ denied, 366 So.2d 564 (La.1979); Bartels v. Roussel, 303 So.2d 833 (La.App. 1st Cir.1974), writ denied, 307 So.2d 372 (La.1975).
“Public records” are defined in La.R.S. 44:1 A(2) as:
“All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics-, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order •of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are ‘public records,’ except as otherwise provided in this Chapter or as otherwise specifically provided by law.”
*564 The right to examine public records is guaranteed by La.R.S. 44:31 which provides:
“Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.”
The “[ejxcept as otherwise provided in this Chapter” clause under the facts of this case would have reference to La.R.S. 44:4 which provides:
“This Chapter shall not apply:
“(4) To any records, writings, accounts, letters, letter books, photographs, or copies thereof in the custody or control of the office of financial institutions or any agent thereof, insofar as the records relate to financial institutions not determined insolvent by the commissioner of financial institutions or investigative records of the commissioner of financial institutions which concern the application of any person for a charter or license for a new financial institution or for any extension or an additional branch office for any existing financial institution applied for pursuant to Title 6 of the Louisiana Revised Statutes of 1950.”
La.R.S. 44:4(4) refers to “financial institutions” vis a vis a “limited function financial institution” as is United. Thus, defendants argue United cannot have the benefit of the provisions of R.S. 44:4(4). However, La.R.S. 44:31 also excludes from its coverage exemptions “as otherwise specifically provided by law.” Therefore, it is necessary to determine whether any provisions of law other than those contained in Title 6, Chapter 1 provide an exemption from the provisions of the Public Records Law.
La.R.S. 6:103 provides:
“A. Except as provided in Subsection B, all records of the office of financial institutions shall be kept strictly confidential within the office. All such records and reports shall not be subject to subpoena or other legal process.
“B. The commissioner, in his sole discretion, may disclose or cause the employees of the office of financial institutions to disclose:
(1) Information about a particular financial institution to that institution.
(2) Information about any financial institution to any other financial institution regulatory auth'ority.
(3) Information about a financial institution, upon resolution of the board of directors of that institution, that is being considered for merger or acquisition to the proposed merger or acquisition partner.
(4) Information about a financial institution that is in an impaired, unsafe, or unsound condition to another institution that has under consideration the merger or acquisition of that institution when the information is necessary to enable that institution to prepare a merger or acquisition after notification to the impaired institution by the commissioner.
(5) The public portion of an application for a certificate of authority to organize a new state bank or additional branch office.
(6) Information to the state treasurer or the legislative auditor concerning any failure by a financial institution to secure public funds when such security is required by law, regulation, or contract.
(7) Information obtained under the provisions of R.S. 15:587(A) to any financial institution.
“C. Records made by the office shall be retained by the office for seven years.
“D. A copy of any document on file with the office which is declared public by the laws of this state or by regulation of the commissioner and is certified by the commissioner as being a true copy may be introduced in evidence as if it were the original. The commissioner shall establish a schedule of fees for copies of those documents.
“E. Copies of records and reports of examinations of financial institutions which may from time to time be left with such financial institution by the office of financial institutions shall be kept strictly confidential by such financial institution, and such records and reports shall *565 not be subject to subpoena or other legal process.
“F. Any information disclosed by the commissioner or employees of the office of financial institutions to any person pursuant to R.S. 6:103B(l)-(4) and (6) and any information received by the commissioner from any other financial institution regulatory authority shall be kept strictly confidential by all persons and all such information, in whatever form, shall not be subject to subpoena or other legal process.”
Inasmuch as La.R.S. 44:4(4) and 6:103 both make mention of the office of financial institutions, these two statutes must be read in pari materia. In doing so, we conclude that the legislature intended that all records of the office of financial institutions be kept strictly confidential within the office, and that the commissioner or other employees of the office may not disclose the information contained therein except as provided by law. La.R.S. 6:103. This confidentiality rule is applicable irrespective of the limitations placed on the license issued to a financial institution.
Therefore, the trial court was correct, and these assignments of error have no merit.
ASSIGNMENTS OF ERROR NOS. 3, 6, 7, 9, AND 10
The defendants argue under these assignments of error that United has no right of action in that it had no interest in the judicial enforcement of the right asserted due to its participation in an alleged fraud. The defendants also allege fraud as an affirmative defense and as a reconventional demand for a declaratory judgment.
Defendants rely on the rule of law applied by our Supreme Court in Rhodes v. Miller, 189 La. 288, 179 So. 430, 432 (1938) which states:
“The courts recognize the rule that every suitor who seeks relief at their hands must himself be free from any unlawful or inequitable conduct with respect to the matter or transaction in question. This rule is known in equity as the rule of ‘clean hands’.”
This doctrine cannot be invoked for several reasons. First, as the court in Rhodes recognized, the doctrine of estoppel, cannot be invoked to impair the force and effect of a prohibitory law. La.R.S. 6:103, not only provides that the records of the OFI are exempt from the Public Records Law, but prohibits the OFI from disclosing the records. The clean hands doctrine only applies when the fraud relates to the matter or transaction being asserted as a claim or defense. In Rhodes the plaintiff attempted to use his own illegal acts as the basis for his claim of nullity of his marriage. The claim of confidentiality in the present case is in no way based or founded upon the alleged fraud. The confidentiality of documents in the possession of the OFI is established by La.R.S. 6:301 and there is no exception established therein for the case in which the documents are fraudulent.
The state expresses concern that fraud may never go uncovered if they are not allowed to release the records. However, La.R.S. 6:423 B provides:
“B. The commissioner may conduct such investigations as are necessary to ascertain possible violations of this Section or any rule or regulation issued under this Title. He may report egregious violations to the attorney general or to the district attorney of the appropriate parish, who may institute the proper proceedings to enjoin the violation and enforce the penalties provided herein.”
Therefore, these assignments of error have no merit.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
The defendants next complain that the court cannot grant coercive relief in an action for a declaratory judgment. They complain that the trial court after deciding that the documents were protected under La.R.S. 6:103 also ordered that the documents be kept confidential.
The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court *566 on a question of law without ordering that anything be done. Gulotta v. Cutshaw, 258 So.2d 555 (La.App. 1st Cir.1972), rev’d on other grounds, 283 So.2d 482 (La.1973). However, under La.Code Civ.P. 1871, “[n]o action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for....” Thus, the trial court was able to grant the declaratory judgment and also enjoin the defendants from releasing the information if he so desired. However, the trial court denied the injunctive relief. Therefore, the issuance of coercive relief was in error.
The judgment is reversed insofar as it ordered no further dissemination of the document, but in all other respects the trial court is affirmed. Costs of this appeal are assessed against the defendants-appellants equally in the amount of $176.60.
REVERSED IN PART AND AFFIRMED IN PART.
APPENDIX A
Nineteenth Judicial District Court Parish of East Baton Rouge State of Louisiana
United Financial Services of Baton Rouge, Incorporated v. William J. Guste, Jr., etc., et al.
Docket Number 336,668
Division “I”
JUDGMENT
This cause came on for hearing, pursuant to regular assignment on a Rule to Show Cause why a Writ of Preliminary Injunction should not be granted in favor of the plaintiffs, UNITED FINANCIAL SERVICES OF BATON ROUGE, INCORPORATED, and against the defendants, WILLIAM J. GUSTE, JR., ETC., ET AL. Upon agreement of all parties the Court additionally heard the Rule to Show Cause filed by William J. Guste, Jr., Attorney General for the State of Louisiana urging the Court to order that records held by the Commissioner of Financial Institutions relative to UNITED FINANCIAL SERVICES OF BATON ROUGE, INCORPORATED are public in nature. Present in Court were:
Emile C. Rolfs, III and Patrick F. McGrew Attorneys for Plaintiff
UNITED FINANCIAL SERVICES OF BATON ROUGE, INCORPORATED
Winston G. DeCuir and Charles J. Yeager Attorneys for Defendants and Inter-venors
WILLIAM J. GUSTE, JR., WINSTON W. RIDDICK, Louisiana DEPARTMENT OF JUSTICE, FRED C. DENT, GARY M. NEWPORT, OFFICE OF FINANCIAL INSTITUTIONS, DON SIEGELMAN, Attorney General of Alabama, and Alabama DEPARTMENT OF INSURANCE
Holly L. Wiseman Attorney for Inter-venors
DON SIEGELMAN, Attorney General of Alabama, Alabama DEPARTMENT OF JUSTICE and Alabama DEPARTMENT OF INSURANCE
After reviewing the pleadings and exceptions filed on behalf of the defendants and intervenors and after considering the arguments of counsel and for reasons this day orally assigned:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the exception of no cause of action urged by all defendants and intervenors is hereby denied;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the exception of no right of action urged by all defendants and intervenors is hereby denied;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the recon-ventional demand filed by all defendants and intervenors is hereby dismissed with prejudice;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Rule to Show Cause filed by defendant, William J. Guste, Jr. in his capacity as Attorney General for the State of Louisiana, is hereby dismissed with prejudice;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Rule *567 for Preliminary Injunction filed by Plaintiff against all defendants is hereby dismissed with prejudice;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that all defendants, other than the intervenors, are ordered to comply with LSA-R.S. 6:103 and are specifically ordered not to release records in violation of LSA-R.S. 6:103, and in the event any records are delivered to the Office of the Attorney General and/or the District Attorney for investigative purposes, those entities are ordered to keep such records confidential;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that UNITED FINANCIAL SERVICES OF BATON ROUGE, INCORPORATED is entitled, pursuant to LSA-R.S. 6:103 and LSA-R.S. 44:4, to have all its records in the custody or control of the Office of Financial Institutions maintained in strict confidence and that the disclosure provisions of the Public Records Act, are inapplicable to the records of UNITED FINANCIAL SERVICES OF BATON ROUGE, INCORPORATED in the custody or control of the Office of Financial Institutions;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that judgment be rendered herein declaring that all parties other than the intervenors be, and they are hereby, required to comply with the provisions of LSA-R.S. 6:103, and they are hereby specifically ordered not to release records in violation of LSA-R.S. 6:103 unless it is for the purposes outlined in LSA-R.S. 6:423, or any other law that requires the inspection of records.
IT IS FURTHER ORDERED, that all costs of these proceedings are assessed against defendants and intervenors, in sol-ido.
JUDGMENT RENDERED in Open Court this 15th day of December, 1988 and signed in Chambers this 3 day of April, 1989.
(s) [Signature]
JUDGE, 19TH JUDICIAL DISTRICT COURT
JUDGMENT APPROVED AS TO FORM:
s/Emile C. Rolfs, III
EMILE C. ROLFS, III
Mangham, Hardy, Rolfs and Abadie
Attorneys at Law
Suite 800, City Plaza
P.O. Box 3551
Baton Rouge, LA 70821
PATRICK F. MCGREW
McGrew & O’Neill
Attorneys at Law
Suite 600
One American Place
Baton Rouge, LA 70825
Counsel of Record for
UNITED FINANCIAL SERVICES OF BATON ROUGE, INCORPORATED
s/Charles J. Yeager
WINSTON G. DECUIR
Assistant Attorney General
CHARLES J. YEAGER
Assistant Attorney General
Department of Justice
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804-9005
Counsel of Record for
WILLIAM J. GUSTE, JR.,
WINSTON W. RIDDICK,
Louisiana DEPARTMENT OF JUSTICE, FRED C. DENT, GARY M. NEWPORT, OFFICE OF FINANCIAL INSTITUTIONS,
DON SIEGELMAN, Attorney General of Alabama, and
Alabama DEPARTMENT OF JUSTICE AND INSURANCE
/s/Holly L. Wiseman
HOLLY L. WISEMAN
Assistant Attorney General
Attorney for Intervenors
State of Alabama
Department of Justice
Montgomery, AL
Counsel of Record for DON SIEGEL-MAN, Attorney General of Alabama, Alabama DEPARTMENT OF JUSTICE *568 and ALABAMA DEPARTMENT OF INSURANCE

. The record on appeal contains an original petition and amending petitions, an intervention, various exceptions, an answer and recon-ventional demand by the Louisiana defendants, and a transcript of evidence pertaining to a license issued to United by the OFI.